GEORGE R. JUSTIS, Appellee, v. UNION MUTUAL CASUALTY COMPANY, Appellant.

No. 42687.

DECEMBER 11, 1934.

REHEARING DENIED APRIL 5, 1935.

Harold S. Thomas, for appellant.

Maxwell & Ryan, James B. Ryan, and Ronald L. Ryan, for appellee.

ANDERSON, J.—This is an action upon an insurance policy which is designated by the insurance company "Ideal Income Accident Policy." For a stipulated premium the policy provides for the payment of $100 per month for three years, "for total loss of time, commencing on the date of accident, during which 'such injury' alone, shall wholly and continuously disable and prevent the insured from performing any and every duty pertaining to his business or occupation, or to any occupation in which the insured shall engage."

The policy further provides:

"This policy covers disability or loss caused by every bodily injury as provided herein, except disappearance, war risk or injuries intentionally or self-inflicted," etc.

Further provisions of the policy provide that it insures George Justis, the plaintiff, appellee herein, against "the effects resulting directly and exclusively of all other causes from bodily injury sustained during the life of this policy, solely through external, violent and accidental means."

It is admitted by the defendant, appellant, that the policy in suit was issued and delivered by it in April, 1928; that all premiums due had been paid thereon; and that due and timely notice of an injury to plaintiff and proofs thereof had been made to and received by the insurance company. The record fairly discloses that the plaintiff, insured, had for many years prior to December 8, 1928, been engaged in the wholesale confectionery business and handled candy as a jobber, in the town of Onley, Accomac county, Virginia; that on December 8, 1928, and for a long time prior thereto, the insured had been in good health and had not been ill or under a doctor's care at any time for a period of eight years preceding, except that he had had his tonsils and adenoids removed. In the afternoon of December 8, 1928, the insured left his place of business to go to the post office, and, after going but a short distance, slipped upon the snow or ice and fell upon his side upon the sidewalk; that he experienced a sting or pain; that he was able to arise after the fall and walked to the post office, about 200 yards from where he fell, and then started to return to his place of business. On the way he felt a sharp sting and kind of jerk in his stomach or abdomen, but he kept on going and finally reached his home. As he entered the house he either fell or was laid upon the floor and immediately suffered violent hemorrhages from the mouth. From the time he fell until the hemorrhages started was approximately twenty minutes. Several doctors were immediately called and he has been under medical treatment continuously since that date to the date of trial. He was treated in a hospital by several physicians, and the evidence is without conflict that he was wholly and continuously disabled from performing any and every duty pertaining to his business or occupation, or any other duty or occupation of any kind from the time of said injury until the date of the trial. The defendant company offered no evidence of any kind controverting plaintiff's claim as to the happening of the accident, plaintiff's complete and continuous disablement, or as to the violation by the plaintiff of any of the conditions or provisions of the policy. But defendant contends that the hemorrhages and injuries claimed by the plaintiff to

have resulted from his fall and injury may, and probably did, result from ulcers of the stomach or intestines of the plaintiff. There was an abundance of medical testimony, but, as usually occurs in cases of this kind, it was in hopeless conflict. We will not extend this opinion to discuss this evidence. It is sufficient to say that it presented a jury question, and the appellant does not seriously contend to the contrary. The plaintiff testified, as did other members of his family, that he had not been sick for many years preceding the accident in question; that he had no symptoms of any kind which would indicate that he was other than a perfectly well individual. The jury returned a verdict for the plaintiff, and it is our opinion that such verdict has substantial support in the record. The same result occurred in a former trial of the case, and this court, on appeal, set aside a verdict and reversed the case upon errors in the introduction of expert testimony. See Justis v. Union Mutual Casualty Co., 215 Iowa 109, 244 N. W. 696.

The appellant relies upon many errors claimed to have been committed by the trial court in the introduction of testimony, and in the conduct of the trial by the trial court. We have carefully considered all of such assignments of error, and have carefully read the transcript of the trial below, which has been certified to us, and we are constrained to hold that there was no reversible or prejudicial error committed by the trial court in any of the particulars claimed by appellant. Depositions of physician experts were taken and offered upon the trial. Questions propounded to some of plaintiff's experts in direct examination were held to be incompetent by the trial court, and objections thereto sustained.

Plaintiff then offered and introduced certain of the cross-examination of plaintiff's witnesses, and defendant objected thereto and attempted to withdraw such cross-examination. This the court refused to permit the defendant to do. In this we do not think there was any error. Depositions taken by one party may be offered in evidence by either party in the trial of the case in which they are taken. The cross-examination offered and introduced by the plaintiff on the trial was germane and competent, and there was no possible reason why the plaintiff should not be permitted to introduce it as a part of his case.

Complaint is also made by the appellant that the jury were not informed by the court of the court's ruling in striking out certain of plaintiff's testimony; such ruling occurred in the absence

of the jury, the jury having been excluded at the request of the defendant. But the answer to this complaint is that the defendant did not ask that the jury be informed of the ruling and did not submit a requested instruction asking that the jury be informed as to the exclusion of certain testimony. A further complaint is made that the conduct of plaintiff's counsel in referring to a former trial of the case was prejudicial. It is true that counsel exceeded the propriety in referring to the jury's verdict in the former trial of the case, but on motion of defendant this reference was stricken from the record, and the jury were admonished not to consider the statement made by counsel. We are of the opinion that this cured any possible error, and that the defendant's complaint at this point is without merit.

We have considered carefully the whole record in this case and all of the contentions of the appellant, and we are constrained to hold that there was no prejudicial or reversible error committed during the trial of the case; that the verdict of the jury has substantial support in the record, and that the judgment should be affirmed. The motion to strike the appellee's amendment to abstract which was submitted with the case is hereby overruled.—Affirmed.

MITCHELL, C. J., and STEVENS, ALBERT, KINTZINGER, DONEGAN, and POWERS, JJ., concur.